**G. M. P. CORPORATION, etc., Plaintiff,**

v.

**Milton MOSKOWITZ et al., Defendants.**

Civ. A. No. 1791-63.

United States District Court
District of Columbia.

Nov. 20, 1963.

Mark P. Friedlander, Charles Walker, Washington, D. C., for plaintiff.

Harry W. Goldberg, Washington, D. C., for defendants.

WALSH, District Judge.

This matter comes before the Court on a complaint to enjoin the use of a name in the operation of a drug store. The plaintiff is a corporation which owns and operates the Alban Towers Hotel at 3700 Massachusetts Avenue, N. W., in the District of Columbia. Within the premises of the Hotel, also owned by the plaintiff, is a drug store known as the Alban Towers Pharmacy.

The defendants herein leased and operated the Alban Towers Pharmacy at 3700 Massachusetts Avenue, N. W., for a number of years. Difficulties arose between the parties and the lease was terminated on July 31, 1963.

Prior to the termination of the lease, the defendants formed a corporation, known as the Alban Towers Pharmacy, Inc. Subsequent thereto, the defendants opened a drug store at 3226 Wisconsin Avenue, N. W., in the District of Columbia, and are presently operating at that location as the Alban Towers Pharmacy, Inc.

It is the opinion of this Court that the plaintiff has a prior right to the use of the trade name, Alban Towers Pharmacy.

This right is recognized, not as a property interest, but to prevent a deception on the public.

■■ The law is well settled in this jurisdiction and is set forth in American Gold Star Mothers v. National Gold Star Mothers, 1951, 89 U.S.App.D.C. 269, 191 F.2d 488, 27 A.L.R.2d 948:

"* * * 'The use by one organization of the name of another for the purpose of appropriating the standing and good will which the other has built up is a well recognized form of the wrong known to the law as unfair competition, against which courts of equity have not hesitated, in any jurisdiction, to use the full power of the injunctive process.' Such simulation of names is restrained not because 'there is property acquired by one party in the name, but to prevent fraud and deception in the dealing with the party charged with the simulation of a name used by another in a similar business or manufacture.' * * *"

■ See also: Lawyers Title Ins. Co. v. Lawyers Title Ins. Corp., 1939, 71 App. D.C. 120, 109 F.2d 35; Hanover Star Milling Co. v. Metcalf, 1916, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; The Most Worshipful Grand Lodge Free, Ancient, and Accepted Masons v. Grimshaw, 1910, 34 App.D.C. 383, 385.

This Court finds that there is a prima facie showing of confusion in the duplication of the names. Customers acquired in the more than ten years of operation at the Massachusetts Avenue address are an asset, and these customers, if not lost, are no doubt confused by the duplicity.

It is, therefore, this 19th day of November, 1963,

Ordered, that the plaintiff's motion for a preliminary injunction be, and the same hereby is, granted;

It is further ordered, that the defendants will refrain from using the name Alban Towers Pharmacy as a trade name.